THE PHILADELPHIA, WILMINGTON, AND BALTIMORE RAIL ROAD COMPANY, *vs.* ZEPHENIAH BAYLESS.—*Dec.* 1844.

By the act of 1831, ch. 288, the *Baltimore and Port Deposite R. R. Co.* was chartered, to construct a rail road from *B.* to *P. D.* By the act of same year, ch. 296, the *Delaware and Maryland R. R. Co.* was also chartered, to construct a road from some point at the *Delaware* and *Maryland* line to *P. D.* By the act of 1835, ch. 293, the *D. and M. Co,* was united to the *Wilmington and Susquehanna R. R. Co.,* a company chartered by *Delaware* under that name. By the act of 1837, ch. 30, the first named company was united with the *W. & S. R. R. Co.,* under the name of the *Philadelphia, Wilmington and Baltimore R. R. Co.* The first named company was located in *Baltimore* and *Harford* counties ; and as to the second, which lies in *Cecil* county, *Maryland,* "the shares of the capital stock of the said company shall be deemed and considered personal estate, and shall be exempt from the imposition of any tax or burthen by the State, except that portion of the permanent and fixed works of the company, within the State of *Maryland,* and that any tax which shall hereafter be levied upon said section, shall not exceed the rate of any general tax, which may, at the same time, be imposed upon similar real and personal estate, within this *State,* for *State purposes.*" HELD :

1st. That the shares and stock of the *D. & M. R. R. Co.,* its works, improvements, profits, and machinery of transportation, except, &c., were exempted from all taxation or levies, whether for county or State purposes.

2nd. The permanent and fixed works of the *Company* remained subjects of taxation or assessment, either for county or State purposes, or for both by virtue of the said exception.

3rd. *The terms,* "that any tax, which shall hereafter be levied, shall not exceed," &c., have no reference to taxes or assessments on levies for county purposes ; it relates, exclusively, to taxes laid for State purposes.

4th. The powers, &c., exemptions conferred by the act of 1835, ch. 293, as to county taxes, relate to *Cecil county,*

5th. A tax laid by the commissioners of *Harford* county, for county purposes, on the rails, bed of the rail road, and other property of the company, connected with its road in *Harford* county, and not upon the cars of said *Company,* was not forbidden by the charters referred to, and is within the general law relating to taxes.

APPEAL from *Harford* County Court.

This was an action of *trespass* upon the case, brought on the 25th November 1842, by the appellee against the appellant, who declared, that whereas the defendants, on the 1st January 1842, to wit, at, &c., were indebted to the said plaintiff, as one of the collectors of taxes for *Harford* county, duly appointed by the board of commissioners of said county, in the sum of $125, for taxes due the plaintiff, as collector as aforesaid, and being so indebted, they, the said, &c.

The parties agreed, that their case be docketted by consent, and submitted on a statement of facts, which admitted, that the claim in this case is for taxes levied and assessed by the commissioners of *Harford* county, for the year 1841, for the common and ordinary county charges, and not for State purposes. That the same was levied and assessed on the rails, bed of the rail road, and other property of said defendants, connected with its rail road, and absolutely necessary for the use and enjoyment of its rail road. That the plaintiff was regularly authorised, to collect all taxes, legally assessable, on the property of defendant.

That the several acts of Assembly, which relate to the incorporation and charter, are to be regarded as part of this statement, and to save the trouble of transcribing them, either party may read them from the printed statutes, to have the same effect as if they were transcribed into this statement.

It is further agreed, that if the court shall be of opinion on the aforegoing statement, that the said property of the said defendant, is liable to be assessed for ordinary county charges, then judgment to be rendered for plaintiff, for $118 and costs. But if the court shall be of opinion, that the said property of said defendant, is not liable to assessment and taxation for ordinary county charges, but the same is exempted from such assessment and taxation under its charter, then judgment to be for defendant; either party to have the right to appeal.

The county court rendered judgment for the plaintiff below, and the defendant prosecuted this appeal.

In the Court of Appeals, the parties further admitted, that the property assessed in this case, lies in *Harford* county, and does not include the cars of the defendants; that the principle of valuation, adopted in making the assessment in this case, was to assess the buildings and the rails, as of the value they bore, irrespective of their being portions of the rail road, and the land as land, and not as of increased value, by reason of being used as a rail road; that the rate of county taxation, imposed by the commissioners of *Harford* county, in the property of said *Company*, varies from the rate of county taxation, imposed by the commissioners of *Baltimore* and *Cecil* counties.

The cause was argued before Dorsey, Chambers and Magruder, J.

By O. Scott, for the appellant, and
By Yellott, for the appellee.

Dorsey, J., delivered the opinion of this court.

The only question designed to be raised in the case before us, is, whether that portion of the permanent and fixed works of the *Philadelphia, Wilmington, and Baltimore Rail Road Company*, lying within the limits of *Harford* county, is subject to the payment of county levies or taxes, as they are sometimes called. That they are so, in common with all other property in the county, is conceded, unless exempted therefrom, by some legislative enactment upon the subject; and such enactment it is insisted, is to be found in the latter part of the 19th section of the act of the General Assembly of *Maryland*, passed at December session 1831, chap, 296, entitled, "an act to incorporate the *Delaware* and *Maryland Rail Road Company*," which declares, "that the said road or roads, with all their works, improvements and profits, and all the machinery of transportation used on said road, are hereby vested in said *Company*, incorporated by this act, and their successors forever; and the shares of the capital stock of said *Company*, shall be deemed and considered personal estate, and shall be exempt

from the imposition of any tax or burthen, by the States assenting to this law, except upon that portion of the permanent and fixed works of said *Company*, which may be within the State of *Maryland;* and that any tax, which shall hereafter be levied upon said section, shall not exceed the rate of any general tax, which may, at the same time, be imposed upon similar, real or personal property of this State, for State purposes." According to the true construction of this provision of the act of Assembly, we think, that by the first part of it, the shares of the capital stock of the *Company*, thereby created, its works, improvements, profits, and machinery of transportation, except its permanent and fixed works, which lay within the State of *Maryland*, were exempted from all taxation or levies, whether for county or State purposes. And that, as far as regards the said first part of said recited provision, such permanent and fixed works which lay within the State of *Maryland*, remained subjects of taxation or assessment, either for county or State purposes, or for both, in the same manner as if no such exemption had been inserted in the act of Assembly. That as to the succeeding part of the said provision, it has no reference to taxes or assessments on levies, for county purposes; and, therefore, in no wise, impairs the rights asserted by the appellee in the present action. That it relates exclusively to taxes laid for State purposes; and is to be construed in the same manner, as if the words "for State purposes," which now stand at the end of the section, had been inserted after the words "any tax," when it would read, and that any tax, for State purposes, which shall hereafter be levied upon said section, shall not exceed the rate of any general tax, which may, at the same time, be imposed upon similar, real or personal property of this State.

But, suppose we are wrong in the construction we have given to the portion of the act of Assembly referred to, what has that to do with the question now before us. That act of Assembly, related to the *Delaware* and *Maryland Rail Road Company;* the southern terminus of which road, was at the river *Susquehanna.* The powers and exemptions given

by its charter to that *Company*, as regards matters of the character of those now in controversy, apply to *Cecil*, not *Harford* county. To determine the question now before us, we must look to the act of 1831, ch. 288, entitled, "an act to incorporate the *Baltimore* and *Port Deposite Rail Road Company ;*" not to the act of Assembly, for the incorporation of the *Delaware* and *Maryland Rail Road Company.* Under the first of these laws, you will look in vain for any such exemption, as that now claimed by the *Philadelphia, Wilmington, and Baltimore Rail Road Company.*

The acts of Assembly of 1835, ch. 93, and 1837, ch. 30, by which the *Wilmington and Susquehanna Rail Road Company*, and the *Delaware and Maryland Rail Road Company*, and the *Baltimore and Port Deposite Rail Road Company*, were united into one *Company*, by the name of the *Philadelphia, Wilmington, and Baltimore Rail Road Company*, confer no such exemption.

JUDGMENT AFFIRMED.