(Decided 1st March, 1878.)

---

THE COUNTY COMMISSIONERS OF FREDERICK COUNTY *vs.* THE FARMERS AND MECHANICS' NATIONAL BANK OF FREDERICK.

*Act of 1876, ch. 260, providing for the general Valuation and assessment of Property in this State—Exemption of the property of a Bank from Taxation, when its Capital Stock is Taxed—Double Taxation—State left free under the Revised Statutes of the United States, to Tax either the Real property of a National Bank or its Capital Stock.*

Under the Constitution and laws of this State, it is not competent to assess for the purposes of taxation, both the shares of the capital stock and the property of a bank.

To tax the property of a bank and its capital stock at the same time, would be double taxation, which is forbidden by the organic law of the State.

Under the Revised Statutes of the United States, the State is left free to exercise the power of taxation of National Banks, assessing the same upon the

County Comm'rs of Fred'k Co. *vs.* Farm. & Mech. Nat'l Bank of Frederick.

real property of the Bank, or upon the shares of its capital stock, at the election of the State, in accordance with the Constitution and laws of the State, and only in conformity with the rules applicable to the citizens and corporations of the State.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Charles J. M. Gwinn, Attorney General,* for the appellants.

*Milton G. Urner* and *I. Nevett Steele,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The appeal in this case is taken under the provisions of the Act of 1876, ch. 260, providing for "the general valuation and assessment of property in this State."

"The appellee is a National Bank located in Frederick County, organized under the laws of the United States. It has a capital stock of $125,000, divided into 5000 shares of the par value of $25.00 each. A portion of the capital is invested in a lot of ground improved by a banking house, such as is necessary for carrying on the banking business, and in furniture for the use of the bank."

"Its shares of capital stock were assessed under the Act of 1876, at $33 per share, to the respective owners thereof. In addition to the assessment of the capital stock to the shareholders, the assessors also assessed against the bank in its corporate name, the said lot of ground and improvements at $5000, and the furniture at $100, which was so returned by the Board of Control and Review to the County Commissioners." On the petition of the appellee,

the Circuit Court ordered that the *banking-house, lot and furniture*, be struck from the list, &c.  From which order this appeal is taken.

The Act of 1876 made it the duty of the assessors, to value the shares of stock in any corporation, at their full cash value.  It must be presumed in this case, that the valuation has been made by that standard, nothing appearing to the contrary.  But this is not material to the present case.

The question presented by the appeal is, whether under the Constitution and laws of this State, it is competent to assess for the purposes of taxation, both the shares of the capital stock, and the property held by the bank.

. The objection urged on the part of the appellee is that the stock of the bank represents its whole property, and to tax both would be double taxation, in plain violation of the 15th section of the Declaration of Rights.  This is not a new question in this State, and a reference to the decided cases seems to us to set it at rest, without referring to decisions elsewhere.

In the *Tax Cases*, 12 *G. & J.*, 117, this question was fully argued by able counsel ; no formal opinion was delivered by the Court, but in the *syllabus* setting out the points decided, it is distinctly stated, as the judgment of the Court that " the property of a bank being represented by the shares of stock therein, both cannot be taxed, and therefore when the tax is imposed on the stock in the hands of shareholders, the property of the bank, real or personal, cannot also be taxed."

" The stock of the banks in Baltimore, in the hands of shareholders was rightfully taxed, but the Appeal Tax Court erred in taxing the real and personal property of the same banks."  By an examination of the facts of the case, in reference to which this proposition is stated, it clearly appears that this was the only question presented.

In *Gordon's Ex. vs. M. & C. C. of B.*, 5 *Gill*, 231, the same proposition was distinctly affirmed.  The Court say,

(p. 236,) "It is perfectly understood that the stock of a bank is the representative of its whole property, and when a tax has been laid on the stock in the hands of the shareholders, the real and personal estate of the company becomes exempt from taxation. To tax both the real and personal property, and the stock, would be a double tax, and therefore illegal and unjust.

So in *M. & C. C. of Balt. vs. B. & O. R. R. Co.*, 6 *Gill*, 288, it was decided that the exemption from taxation of the shares of the capital stock of the railroad company, under its charter, carried with it the exemption of the property of the company, because for the purposes of taxation the former represented the latter. This construction of the charter of the R. R. Company has been affirmed by this Court at the present term. (*State vs. B. & O. R. R. Co.*, *ante page* 49.)

In the *P. W. & B. R. R. Co. vs. Bayless*, 2 *Gill*, 355, where the construction and effect of similar words of exemption in the charter of the appellant were considered, the same principle was decided.

We have recently affirmed the same doctrine in *State vs. C. & P. R. R. Co.*, 40 *Md.*, 51. Judge ALVEY, speaking for the Court, says: "The capital stock of the several mining companies of the State is liable to taxation according to a fixed and certain rate, and the stock being the representative of the whole property of the corporation, the payment of the tax on the capital stock, exempts from taxation all the property, both real and personal, of the company. And although the State may elect to tax either the capital stock or the real and personal property of the company, yet it cannot tax both. * * * * "

After these repeated decisions in this State, it would seem that the question ought to be considered as no longer an open one in Maryland; whatever may have been the views entertained by Courts and judges elsewhere.

It is unquestionably true that the property of a corporation does not belong to the shareholders; they are not the

County Comm'rs of Fred'k Co. *vs.* Farm. & Mech. Nat'l Bank of Frederick.

legal owners, but they have an equitable or beneficial interest therein.

It is held and managed for their use and benefit, and under their control and direction. It is not a mere metaphysical subtlety to say that the corporate property is represented by the shares of stock. It is substantially true, for a tax assessed on the property of the corporation is in reality imposed upon the shareholders, and is paid by them indirectly.

This subject is very well considered by the Supreme Court of Connecticut in *New Haven vs. City Bank,* 31 *Con.,* 100, and in *Nichols vs. N. H. & N. Co.,* 42 *Con.,* 103.

But it is unnecessary to repeat here the reasoning upon which this principle rests. It is too well settled in this State to be disturbed. Being of opinion that to tax the property of the bank and its capital stock at the same time would be double taxation, forbidden by our organic law, we cannot construe the Act of 1876 as authorizing such double taxation. In the case of a corporation chartered by the State it could not be tolerated or enforced ; and the appellee is entitled to be protected against such an exaction. Under the Revised Statutes of the United States, the State is left free to exercise the power of taxation of National Banks, assessing the same upon the real property of the bank, or upon the shares of its capital stock, at the election of the State, in accordance with the requirements of our own Constitution and laws, and only in conformity with the rules applicable to the citizens and corporations of the State. *Van Allen vs. The Assessors,* 3 *Wal.,* 585.

*Order affirmed.*

(Decided 1st March, 1878.)


STEWART, J., dissented.