# WILLIAM WILKENS CO. vs. THE MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

*Taxation of the Personal Property of a Foreign Corporation and of its Shares of Stock Owned by Residents—Double Taxation—Foreign and Domestic Corporations—Time of Assessment—Estoppel.*

The tangible personal property of a foreign corporation permanently located in this State is subject to taxation here under Code, Art. 81, sec. 2, which directs that all property of every kind and description, within this State, except that expressly exempted shall be assessed for taxation to the owners thereof.

The fact that shares of stock of a foreign corporation are owned by residents of this State and are assessed for taxation to such owners does not operate to exempt from taxation the personal property of the corporation located in this State.

The taxation of both the personal property of a foreign corporation and of its shares of stock owned by residents of this State is not unconsti-

tutional as being double taxation and therefore unequal. The tax on the tangible property of a corporation is a tax on the corporation ; the tax on the shares of stock is a tax on the individuals owning them.

The fact that under Code, Art. 81, sec. 4, the personal property of corporations incorporated by this State is exempt from taxation when the shares of stock of the corporation are taxed does not render invalid the taxation of the personal property of a foreign corporation located here when its shares of stock, owned here, are also taxed, because such classification for purposes of assessment of foreign and domestic corporations is not arbitrary, but is within the discretion of the Legislature, and moreover the Legislature has the power to exempt certain kinds of property from taxation.

The tangible property of a firm was transferred in 1903 to a corporation organized in another State but the assessment of the property, which was located in this State, continued in the name of the firm until July, 1905, when, at the request of the officers of the corporation, the assessment of the property was changed for that year to the name of the corporation. The city charter, sec. 171, directs that the valuation of property as it shall appear on the assessment books on October 1st, shall constitute the basis of a levy of taxes for the ensuing year. *Held*, that the corporation is estopped to object that the assessment for taxes for the year 1905 against the corporation was made after the time fixed by statute.

Appeal from the Baltimore City Court (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*R. Lee Slingluff* and *German H. H. Emory*, for the appellant.

In the absence of any express provision authorizing the assessment and taxation of this particular class of property, we submit that it is (1) not taxable at all, or, (2) if taxable, is taxed same as personal property of a domestic corporation.

The taxation of both the shares of capital stock and the personal property of a corporation results in double taxation, prohibited by the Constitution of the State of Maryland. "Every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the Government according to his actual worth in real or personal property." Article 15, Bill of Rights, Constitution of Maryland.

This section of the Bill of Rights has been repeatedly construed by this Court, in the cases hereinafter cited, to prohibit the assessment and taxation of both the real and personal property of a corporation and the shares of its capital stock. In no case has this Court passed upon the question when the corporation concerned was chartered by a sister State, but from 1841 to 1879 the decisions irresistibly show that such taxation of a *Domestic Corporation or of a National Bank, incorporated under the Acts of Congress,* was unlawful and prohibited by this provision of the Constitution. *The Tax Cases,* 12 G. & J. 117; *P., W. & B. R. Co.* v. *Bayless,* 2 Gill. 355; *Gordon* v. *Baltimore,* 5 Gill. 231; *Baltimore* v. *B. & O. R. Co.,* 6 Gill, 288; *State* v. *Sterling,* 20 Md. 502; *State* v. *C. & P. R. Co.,* 40 Md. 22; *County Comrs.* v. *A. & E. R. Co.,* 47 Md. 592; *State* v. *B. & O. R. Co.,* 48 Md. 49; *County Comrs.* v. *F. & M. Bank,* 48 Md. 117; *State* v. *Cemetery Co.,* 52 Md. 638. These cases have not been overruled by *U. S. Electric Co.* v. *State,* 79 Md. 63; *Crown Cork & Seal Co.* v. *State,* 87 Md. 697, and *Baltimore* v. *Allegany County,* 99 Md. 1.

The doctrine deducible from them may be correctly stated to be. 1. The taxation of both the property of a corporation and the shares of stock is double taxation, prohibited by the Bill of Rights, and a payment of a tax on either exempts the other from taxation. 2. The State is free to tax a franchise in any way it may see fit, and not being within the meaning of the first clause of the 15th Article of the Bill of Rights, neither the corporation nor the shareholders can complain that they are being subjected to a double tax therein.

We submit that these conclusions are true as to domestic corporations. We contend that they apply with equal force to foreign corporations, for two reasons.

*a.* The 15th Article of the Bill of Rights places all persons, including foreign and domestic corporations and their resident stockholders, in the same class and secures all from the imposition of a double tax.

*b.* To uphold the tax in this case will deny to the appellant and its stockholders the equal protection of the laws of the

State of Maryland and of the 15th Article of the Bill of Rights in violation of the 14th Amendment to the Constitution of the United States.

But little need be said to show that the resident stockholders · will pay a double tax if this assessment be sustained. William Wilkens, deceased husband of Mrs. Anna Wilkens, Gustav Schlen and Herman Shoeniahn, the shareholders in the corporation, formerly carried on the business as a partnership, and paid taxes on but $69,810. At the death of Mr. Wilkens the corporation was formed, and Mrs. Wilkens now owns stock representing the interest in the firm of her deceased husband. The property of the corporation is not much greater in value than that formerly owned by the firm, the increase being, approximately, the difference between the assessment to the firm and the present assessment to the company, yet what is the result? The corporation is assessed with its property, so was the firm, and now the Maryland shareholders are required to pay taxes on their shares in the corporation, which was really the same thing as the interest of the partners in the firm, though the interests of the partners were not taxed, the injustice of which will better appear by a reference to the comparative statement.

| FIRM. | | CORPORATION. | |
|---|---|---|---|
| Stock 310 W. Pratt st........ | $10,000 | Stock in trade, etc............ | $67,516 |
| Stock, etc., Frederick ave... | 52,310 | Mrs. Wilkens, stock.. ........ | 90,000 |
| Machinery, etc........ ......... | 7,500 | Mr. Schleus, stock............ | 30,000 |
| | $69,810 | | $187,516 |

It is perfectly apparent that if the action of the lower Court be sustained, the appellant's tangible property in this State will be used as a taxable basis once for the assessment to the corporation, and once for the assessment of the shares to the stockholders, who will be required to pay the taxes on the first assessment indirectly and the taxes on the second directly. Yet we are told those stockholders will contribute their proportion only of taxes according to their actual worth, when as a matter of fact the actual amount they are really worth is the property of the corporation in this State, and such corporate property if any there may be beyond the State.

Since the appellant, a foreign corporation as fully as a domestic corporation is within the language of the Bill of Rights, which is an absolute limitation upon the taxing power of the Legislature, and that body cannot impose a tax similar to this upon a domestic corporation, it cannot impose such a tax upon the appellant, unless there lies with the Legislature some other power over foreign corporations sufficient to overcome the limitation.

The Legislature may refuse to admit foreign corporations within the State, and "as it is under no obligation to permit a foreign corporation to carry on business or exercise franchises within its territory, the privilege to do so may be granted under such restrictions or permitted on such conditions regarding taxation as it may think proper or prudent to impose, *provided such conditions are not repugnant to the Constitution of the State* or to the Constitution and laws of the United States." *Cooley on Taxation,* pp. 94–95; *Purdy's Beach on Corporations,* sec. 532; *Am. & Eng. Ency. of Law,* vol. 13, p. 861; *Beale on Foreign Corporations,* secs. 211 and 466; *Judson on Taxation,* sec. 168; *Clark & Marshall on Corporations,* sec. 532.

The point was well illustrated in *San Francisco* v. *Liverpool Ins. Co.,* 74 Cal. 113, where suit was brought to recover a tax of 1 % imposed upon all premiums received by foreign insurance companies doing business in the State of California. The Court held that such a tax was simply void, and declared, "Following the logic of this case (referring to *Barron* v. *Burnside,* 121 U. S. 186), the result would seem inevitable that a condition in violation of the State's Constitution is simply void. * * * The fact that the party against whom a suit is brought to collect a tax may be a foreign corporation * * * could not authorize the Legislature to exercise a power clearly denied to it in the Constitution.   Such laws are *ultra vires* and as clearly void when they operate upon a foreign corporation as upon a citizen."

Again in *Parker* v. *Insurance Company,* 42 La. Ann. 43, the Court in striking down a tax upon foreign insurance companies remarked in answer to the contention that the State

could impose any conditions it might see fit upon foreign corporations "The State in this matter is undoubtedly exercising the power of taxation. This power is derived from and regulated by the Constitution of the State. No matter who may be the subject, or what may be the object of the tax, the State in exercising this power, is bound to conform to the requirements of the Constitution. The instrument makes no distinction of persons, and a tax which would be unconstitutional, if levied on property belonging to citizens of the State, is equally unconstitutional as against foreigners, whether individuals or corporations." *Manchester Insurance Co.* v. *Herriott,* 91 Fed. Rep. 711; *Erie R. R. Co.* v. *State,* 31 N. J. L. 531–542; *Aachen & Mummich Ins. Co.* v. *Omaha,* 101 N. W. Rep. 3; *State* v. *Fleming,* 97 N. W. Rep. 1063.

The appellant is a foreign corporation which has been taxed on its property under a general tax law and the shareholders taxed on their stock under a law expressly providing therefor. We have shown that this tax will operate as a double tax, and it irresistibly follows that the Legislature had no right to impose this tax, and it is therefore void. The whole question has been decided in *Stroh* v. *Detroit,* 131 Mich. 109.

The requirement of "equal protection of the laws" entitles a foreign corporation, after it has been admitted to the State and while abiding by the conditions of its admission to as favorable treatment under the laws, as is granted to a domestic corporation." *Beale on Foreign Corporations,* sec. 176. Or in the words of *Purdy's Beach on Corporations,* sec. 532, "having paid the license fee and thus having acquired the privilege of doing business in the State, foreign corporations are entitled to the protection of the laws as fully as citizens thereof." See also *Judson on Taxation,* sec. 168.

Asserting again that foreign corporations are within the meaning of the Bill of Rights as fully as domestic companies, and under the above quotations it being true that the former are entitled to the protection of the law as fully as the latter, it must follow that the equal protection of the Bill of Rights will not be given the foreign companies if they are liable to

taxes which this Court in the cases previously cited, has held, the Bill of Rights prohibits the State from imposing upon domestic companies.

In order to sustain this tax the Court must say that the payment by the stockholders in a foreign company of a tax on their shares does not exempt the company from the liability to pay a tax on the corporate property.    This Court has previously said that the payment by the stockholders in a domestic company of a tax on their shares does exempt the company from the liability to pay a tax on the corporate property, because of the security therefrom declared by the Bill of Rights.    Both companies are within the Bill of Rights, and each is secured thereby as fully as the other, and unless this Court accords to the appellant the guarantee of that instrument as fully, as fairly and as impartially as it is accorded domestic companies, the command of the Federal Constitution that "no State shall deny to any person within its jurisdiction the equal protection of the laws," will be violated.    *Nashville R. Co.* v. *Taylor*, 86 Fed. R. 168; *Ins. Co.* v. *Morse*, 20 Wall. 445; *Doyle* v. *Ins. Co.*, 94 U. S. 535; *Barron* v. *Burnside*, 121 U. S. 186.

The Appeal Tax Court of Baltimore City was without power and authority to change the assessment from William Wilkens & Company to the William Wilkens Company for the year 1905, and at that time increase the assessment from $69,810 to $93,100. *Jenkins* v. *Baltimore City*, 96 Md. 192.

*Albert C. Ritchie* (with whom was *W. Cabell Bruce* on the brief), for the appellee.

Code, Art. 81, sec. 4, specially exempts the personal property of *Maryland corporations* having shares of stock which are subject to taxation, but does not exempt the personal property of *foreign corporations*, when their stock is taxed. Therefore, under the plain terms of section 2, personal property located in Maryland, and belonging to foreign corporations, is assessable here.

In the argument below, the appellant suggested that there

was no statute in Maryland providing *specifically* for the assessment of the personal property of foreign corporations. It is not at all necessary that there should be. Taxing statutes seldom attempt to enumerate the different kinds of property which are assessable. They simply provide, in terms more or less general, that *all* property not specially exempted, shall be assessed. It is only when we come to the *exemption clauses*, that we find specific provisions.

If the language of a valid Act is broad enough to authorize the assessment of any particular property, then the property *must be assessed*, unless there exists a law clearly exempting it. It is not necessary for the taxing authorities to produce a statute expressly empowering them to assess a given species of property. It is necessary for those disputing that right to show affirmatively that the property in question *cannot* be taxed. The presumption is that *all* property is assessable, and exemption laws are construed most favorably to the State, and most strongly against the party claiming the exemption. Indeed, an exemption from taxation will not be allowed, if there is any construction of the language used which will preclude such exemption. *Delaware Tax Cases*, 18 Wall. 206; *Ohio Life Ins. Co.* v. *Debolt*, 16 How. 435; *Phoenix Ins. Co.* v. *Tennessee*, 161 U. S. 177; *Annapolis, etc., R. R. Co.* v. *State*, 47 Md. 592.

To doubt the existence of an exemption from taxation, is to deny such an exemption. *Hoge* v. *Railroad Co.*, 99 U. S. 348, 354; *W. & W. R. R. Co.* v. *Alsbrook*, 146 U. S. 279, 294; *Yazoo R. R. Co.* v. *Thomas*, 132 U. S. 175, 185; *Covington* v. *Keutucky*, 173 U. S. 231, 238; *United Railways, etc., Co.* v. *City*, 93 Md. 630, 634.

It is well settled that the property of a corporation and the shares of its capital stock are two separate pieces of property, the former belonging to the corporation, the latter to the individual stockholders. Each piece of property represents distinct value to its respective owner. Therefore a tax upon the corporation on account of its property, and a tax upon the stockholder on account of his stock, are not taxes upon

the same individual or upon the same property.   One is a tax upon what belongs to the corporation and represents value to it, and the other is a tax upon what belongs to the stock holder, and represents a distinct value to him.   It is, therefore, held, that to tax the property to the corporation, and the stock to the stockholder, is not double taxation.   *Bank* v. *Tennessee*, 161 U. S. 134; *Farrington* v. *Tenn.*, 95 U. S. 679; *Tennessee* v. *Whiteworth*, 117 U. S. 129, 136; *New Orleans* v. *Houston*, 119 U. S. 265, 277; *Shelby* v. *Union and Planters' Bank*, 161 U. S. 149; *Cook on Corporations*, vol. 2, sec. 567.

The following decisions clearly and emphatically decide that this power to tax both stock and property at the same time exists, and that when it is exercised no double taxation results.   *Frayer* v. *Seibern*, 16 Ohio St. 614, 623, 624; *Bank* v. *Milwaukee*, 94 Wis. 587, 592; *Commissioners* v. *Tobacco Co.*, 116 N. C. 441, 445, 447; *Memphis* v. *Home Ins. Co.*, 91 Tenn. 558; *Greenleaf* v. *Morgan Co.*, 184 Ill. 226; *Bradley* v. *Bauder*, 36 Ohio St. 28; *Toll Bridge Co.* v. *Osbourne*, 35 Conn. 7.

In the following cases it is held that the property should be taxed to the corporation and the stock to the stockholders. *Conwell* v. *Connersville*, 15 Ind. 150; *Madison* v. *Whitney*, 21 Ind. 261; *Whitney* v. *Madison*, 23 Ind. 331; *Cumberland Marine Ry.* v. *Portland*, 37 Me. 444; see also the following cases: *Ogden* v. *City of St. Joseph*, 90 Mo. 522; *Seward* v. *City of Rising Sun*, 79 Ind. 351; *San Francisco* v. *Fry*, 63 Cal. 470; *Danville Trust Co.* v. *Parks*, 88 Ill. 170; *Cook* v. *Burlington*, 59 Ia. 251; *Memphis* v. *Ensley*, 65 Tenn. 553; *Street Railroad Co.* v. *Morrow*, 87 Tenn. 406; *State* v. *Bauk of Commerce*, 95 Tenn. 221; *Detroit* v. *Assessors*, 91 Mich. 78; *Appeal Tax Court* v. *Gill*, 50 Md. 317.

In view of this array of authorities, we submit that there is no doubt whatever that the power of the State to tax the property of a corporation to the corporation, and at the same time to tax the shares of stock to the stockholders, has been uniformly upheld throughout the country.

In *Stroh* v. *Detroit*, 131 Mich. 109, so much relied on by

the appellant, the *Constitution of Michigan prohibited double taxation*, and the Court held that, under the Michigan statutes, the stock should not be taxed when the property was taxed, because to do this "would ignore the plain meaning of our Constitution." But in Maryland. a tax on both stock and property, even if conceded to be a double tax; is still not "double taxation in the sense in which it is obnoxious to the organic law." *United States. Electric Co. case*, 79 Md. 63, 72, *post*. This point alone is sufficient to distinguish the Michigan case from the Maryland decisions.

Turning now to the decisions in our own State, we find it stated in a number of early cases that the property of a corporation represents its stock, and therefore both cannot be taxed, because to tax both would constitute double taxation. *The Tax Cases*, 12 G. & J. 117; *Gordon v. City*, 5 Gill, 231; *City v. B. & O. R. R. Co.*, 6 Gill, 288; *State v. Cumberland and Pennsylvania R. R. Co.*, 40 Md. 22; *Anne Arundel Co. v. Annapolis and Elk Ridge R. R. Co.*, 47 Md. 592 (103 U. S. 1); *State v. B. & O. R. R. Co.*, 48 Md. 49; *Frederick Co. v. Farmers and Mechanics' Nat. Bank*, 48 Md. 117; *State v. Baltimore Cemetery Co.*, 52 Md. 638.

In some of these cases, the facts show that this statement was only *obiter dicta*, and in no way necessary to the decision and others related to charters.

It is apparent that while the stock does, of course, represent the property in one sense, yet for purposes of taxation it does not, because the taxing authorities always have the right to assess and tax any property which represents value to its owner. Two persons may have an interest in the same thing, and that thing may represent distinct values to each of them. In such a case the interest of each person is property, and it is perfectly lawful to assess each person with his own separate interest, and to tax him upon the value which that interest or property has to him.

This exact situation exists in the case of a corporation and its shares of stock. The property of the corporation belongs primarily to the corporation, represents value to it, and is

therefore taxable to it.   The shares of stock, on the other hand, belong to the stockholder, they have a value to him which is entirely separate and distinct from the value they have to the corporation and, therefore, they, representing this separate and distinct value to the stockholder, are taxable to him, just as any other form of property which he owns and which has value is taxable to him.

This is the reason why the overwhelming weight of authority throughout the country holds that the property can be taxed to the corporation, and the shares of stock can be taxed to the stockholder. without constituting double taxation, and it is the reason, too, which has led this Court to adopt, in its recent decisions, the proposition we are contending for, and which is now universally recognized elsewhere.

In *United States Electric Power and Light Company* v. *State*, 79 Md. 63, it was contended that to tax the shares of stock and the gross receipts was double taxation, because "the value which the capital stock possesses.after the assessed value of the real estate has been deducted, is such only as arises out of the ownership and operation of the franchises of the company, and as a tax on gross receipts is a tax on the franchise, a tax on the capital stock, whose value is the ownership and use of the company's franchises, is an additional tax on the same thing."   This contention, however, was pronounced "obviously fallacious."

Just as the franchise is *property* of the corporation, and therefore taxable to it, although' the stock, which is given value by this franchise, is at the same time taxable to the stockholders, so the personal property of a foreign corporation is property belonging to the artificial entity, and as such is taxable to it, and at the same time the stock, though it is to some extent given value by this property, is still taxable to the stockholders, because in their hands it is *their* property, having a value to *them* distinct from the value which the tangible property has to the corporation itself.

Not only this, but this Court, in the United States Electric Power and Light Company case, distinctly holds, that even if

there were a double tax, still it would not on that account be void, because in Maryland taxes are levied not upon property, but upon the *individual*. *Monticello Distilling Co.* v. *Baltimore*, 90 Md. 416, 425; see also *Crown Cork, &c., Co.* v. *State*, 87 Md. 687; *Hull* v. *Devel. Co.*, 89 Md. 8; *Baltimore* v. *Allegany Co.*, 99 Md. 1.

If a corporation can escape taxation on all of its personal property located in Maryland, merely because one-fifth of the aggregate amount of its taxable stock is assessed here, then in the same way it can avoid paying any personal property tax if one-tenth, or one-twentieth, or indeed one share of its stock is assessable and taxable in Maryland.    That this would be the necessary result of the appellant's position, is pointed out by the learned Judge of the Court below, when he says: "If the position contended for by the appellants be true, then it means that a foreign corporation having a plant in the State of Maryland, can, by the ownership of a very trifling amount of its stock here, be exempted from taxation upon that plant and stock—not in the sense of capital stock which it may have—that it may receive the full protection accorded by our laws to its property, and yet contribute nothing in payment for the benefits received."

Herein lies the reason why our statutes make a distinction between the taxation of domestic and foreign corporations on account of their stock and personal property.    If you exempt the personal property of a *domestic corporation* when its stock is taxed, you can still tax *all of the stock*, and the State will thus receive what the Legislature has deemed a fair return for the protection afforded the company by our laws.    But if the personal property of a *foreign corporation* is not to be taxed when its stock is taxed, then, since you can only tax such stock of a foreign corporation as is held in Maryland, the taxability of one share here would exempt all the corporation's personal property, and therefore practically no return at all would be made for the protection afforded the company by our laws.

The assessment of the appellant's personal property located

in Maryland, does not violate the equality clause in the Federal Constitution. The appellant, however, contends that it is a foreign corporation, which has complied with the Maryland law prescribing the conditions upon which foreign corporations are admitted to transact business in Maryland (Code 1904, Article 23, sec. 137, etc.); that having been thus admitted into our borders, it now stands in precisely the same position as a domestic corporation does, and no tax can be imposed upon it which cannot be imposed upon a domestic corporation; and inasmuch as the personal property of a domestic corporation cannot be taxed when its shares are taxed, so the personal property of the appellant cannot be taxed when its shares are taxed, because to do this would deny to the appellant the equal protection of the laws.

This argument, however loses sight of the fact that under the overwhelming weight of authority elsewhere and under the decisions of this Court since 79 Md., there is nothing unconstitutional in taxing both the stock and property of *any* corporation. The reason why the personal property of a *Maryland corporation* is not taxed when its stock is taxed is because the statute says *it shall not be*, and not because of any inability on the part of the State to impose such a tax. But the statute does not exempt the personal property of a *foreign corporation* when its stock is taxed, and the only question therefore is, can the State prescribe a different rule in this respect for foreign and domestic corporations? Can the State tax the personal property of a foreign corporation when it choses to exempt the personal property of a domestic corporation? In *Simpson* v. *Hopkins*, 82 Md. 478, the power of the Legislature to exempt any class of property from taxation according to its views of public policy is distinctly upheld. See also, *Daly* v. *Morgan*, 69 Md. 460. In *Bacon* v. *Board*, 126 Mich. 22, it is expressly decided that the Legislature may place foreign and domestic corporations upon a different basis in this regard. See 27 *Ency. of Law*, title "Corporate Taxation," 924.

PAGE, J., delivered the opinion of the Court.

This is an appeal from the judgment of the Baltimore City Court dismissing the appeal of the appellant from the assessment' made by the Appeal Tax Court of that city and confirming that assessment.

The parties entered into an agreed statement of facts, from which it appears that the appellant was incorporated by the State of Delaware on the 23rd December, 1902; and has its principal office, outside of that State, in the State of Maryland, in the city of Baltimore. It transacts its business throughout the United States, and has offices in the States of New York and Illinois. It has duly complied with the laws of the State of Maryland, regulating the admission of foreign corporations to transact business in this State. It has a capital stock of $500,000 divided into 5,000 shares of the par value of $100 each; of which $250,000 is preferred stock and $250,000 is common stock, all of which has been issued, with the exception of 37 shares of the common stock. The preferred stock bears interest at the rate of 5 per cent per annum, payable in quarterly installments on the first days of January, April, July and October in each year and has been promptly paid. No dividend has ever been paid on any of the common stock. The preferred stock is owned as follows, viz.: $150,000 by Mrs. Anna Wilkens, a citizen of this State and a resident of Baltimore City; $50,000 by Gustav A. Schlens, also a citizen of the State and a resident of Baltimore County; and $50,000 by Herman Schoenijahn, a citizen of New York, and a resident of New York City. That the preferred stock owned by Gustav Schlens was assessed to him by the County Commissioners of Baltimore County for the year 1905 at the regular rates and the tax was duly paid by him. But though the $150,000 of preferred stock has been owned by Anna Wilkens since the incorporation of the company, during all of which time she has been a resident of Baltimore City, no assessment was made on account of said stock, either against her or any other owner thereof. Said stock was assessed to Anna Wilkens for the year 1906. No assessment has ever been made

on account of the preferred stock owned by Herman Schoeni-
jahn.    Prior to the incorporation of the appellant in 1902, the
business of the company was conducted by the parties named
as co-partners, trading as William Wilkens and Company, and
in 1898 an assessment was made by the Appeal Tax Court of
Baltimore City against the firm as follows:

> Stock 310 W. Pratt St.............................................$10,000
> Stock, &c., Frederick Ave............................................ 52,310
> Machinery, engines, &c................................................ 7,500
>
>                                                     $69,810

This was the only assessment ever made on account of the
personal property of said firm, and it remained without change
until it was abated on July 20th, 1905.    After the incorpora-
tion of the appellant the assets of the firm were transferred and
assigned to the appellant on the 1st day of January, 1903, but
no assessment was made against the corporation until 18th
July, 1905.    That about February 8th, 1905, the appellant
by its counsel appeared before the Appeal Tax Court with a
bill for 1905 taxes made out against the firm of William Wil-
kens & Co., upon the assessment already set forth, and repre-
sented that the said company had been succeeded in 1902 by
the corporation, that the company had paid the assessment of
1904, and that the tax bill of 1905 should be against the cor-
poration, provided "said personal property was legally assess-
able."    Thereupon one of the assessors of the Appeal Tax
Court, under the instructions of the Court, examined the com-
pany's plant and stock, and delivered to the company's secre-
tary a "regular" form for the schedule and return of personal
property.    Schlens filled out said form and returned it to him,
making at the time "some question whether a return of ad-
ditional machinery should be made."    The valuation placed
by Mr. Schlens upon the company's property, as it appears
from the said schedule, was as follows:

> Horses and vehicles...................................................$ 6,231
> Machinery, implements of trade or busness.............. 9,000
> Other personal property..................................... 61,285
>
>         Total....................................................$76,516

On notice to show cause why the corporation stock, horses, vehicles and machinery, should not be assessed for 1905 at a total valuation of $93,122, its counsel objected, that the proposed assessment was "illegal, erroneous and unequal," but not that same was excessive. And on July 18th, 1905, the following assessment for 1905 was made and entered against the corporation.

| | |
|---|---:|
| Stock........................ .................................................$61,285 |
| Horses and Vehicles......................................... 6,231 |
| Machinery .............................................. 25,584 |
| | $93,100 |

And on 20th July, 1905, the assessment against William Wilkens & Co. for 1905 was abated. On the same day the tax Court on application abated the assessment of $25,584 on account of its plant and machinery, leaving the total assessment $67,516.

Thereupon the appellant filed his petition in the lower Court, in which after setting forth in substance the aforegoing facts, he prayed the Court to review the assessment, determine it improper, illegal, erroneous and unequal, and set it aside. The Court by the appellee's third prayer, instructed itself, sitting as a jury, that the personal property consisting of stock in trade, horses and vehicles situated in Baltimore City and belonging to a corporation incorporated under the laws of another State and transacting business in Maryland as a foreign corporation with its principal office (outside of Delaware), in Baltimore City, is assessable for taxation in said city, even though all of the corporation's shares of preferred stock are held and owned as follows:

By a resident of Baltimore City......$150,000
By a resident of Baltimore County.. 50,000
By a resident of New York City.... 50,000

Total................ ..$250,000

And even though said preferred stock pays dividends and though the shares owned in Baltimore City and in Baltimore County respectively are legally assessable and taxable in Bal-

timore City and County respectively." The petition was dismissed and the assessment appealed from was confirmed by the order of the Court from which this appeal is taken.

The position of the appellant as stated in his brief, is that the personal property of a foreign corporation, permanently located in the city of Baltimore, is not assessable and taxable for State and municipal taxes, when the shares of the capital stock of said corporation are assessed and taxed to the respective owners residing within the State.

Section 2 of Article 81 of the Code of 1904 provides in substance that all property "of every kind, nature and description within the State," shall be valued and assessed for the purposes of State, county and municipal taxation, to the respective owners thereof, &c., except as provided in secs. 4 and 89–91, and 214–224—which two latter sections relate to taxation of savings banks and distilled spirits.

Section 4 exempts the personal property of those corporations having stock incorporated by this State "when the shares of said corporation are subject to taxation under the laws of this State ;" but there is no exemption of the personal property of foreign corporations. The language of the Act declaring what shall be subject to taxation is broad enough to include the assessment of every kind of property in the State —and to authorize its exemption from taxation there must be shown some legal authority that it cannot be taxed. The doctrine stated in *Co. Commrs.* v. *A. & E. R. R.*, 47 Md. 592, is too well settled to be disputed, that the taxing power of a State is never presumed to be relinquished unless the intention to relinquish is declared in clear and unambiguous terms. Many cases to this effect could be cited.

But conceding that our statutes authorize the assessment of personal property situate in Maryland and belonging to a foreign corporation doing business here, the appellant also contends that to assess it after its shares of stock have been taxed, would result in double taxation and prohibited by the Constitutions of the State of Maryland and the United States. To support this contention the following cases are relied on. *The*

*Tax Cases*, 12 G. & J. 117; *P., W. & B. R. R. Co.* v. *Bayless*, 2 Gill, 355; *Gordon* v. *Baltimore*, 5 Gill, 231; *Baltimore* v. *B. & O. R. R. Co.*, 6 Gill, 288; *State* v. *Sterling*, 20 Md. 502; *State* v. *Cumberland & Pa. R. R. Co.*, 40 Md. 22; *State* v. *B. & O. R. R. Co.*, 48 Md. 49; *Co. Commrs.* v. *F. & M. Bk.*, 48 Md. 117; *State* v. *Cemetery Co.*, 52 Md. 688.

An examination of these decisions will enable us to determine how far the principles therein laid down are applicable to the facts here involved. In the present case, the corporation is a foreign corporation, with a large amount of its stock held by an owner who is a non-resident of the State. It is not claimed that the share of the non-resident stockholders is liable to taxation. Schoenijahn, a resident of the State of New York, holds one-fifth of the total number of shares and cannot be assessed. It is a case where the entire stock is taxable and therefore it would seem that if the principle contended for here by the appellant be applicable, no personal property located within the State belonging to a foreign corporation would be taxable, if any of its shareholders do not reside within the State. In the cases cited by the appellant as above, there was none in which the question of double taxation was involved. In some of them as 6 Gill, 48 Md. and 52 Md., the Court was enquiring into the true construction of provisions of the charters of the corporations, for the purposes of determining with precision the extent to which the respective corporations were entitled to exemption. This was clearly expressed, in *State* v. *B. & O. R. R.*, 48 Md. 92, where the Court said, "the question is not whether shares of stock abstractly considered embrace and represent the property and franchises of the appellee." "We are dealing," the Court further said, "with an Act incorporating a railroad company and endeavoring to ascertain how far and to what extent, the Legislature meant to exempt the corporation from taxation. We are not bound therefore by the literal meaning of the words of the statute, but must look to the connection in which they are used, the subject-matter to which they are applied and the motive and objects which actuated the Legislature in

conferring the privilege.    It was from such considerations and not from the literal meaning of the words employed, that it was held, that when the shares of capital stook were exempted, it was intended to exempt all the property of the corporation. None of these cases involved the question whether the capital stock in the hands of the corporation and the shares of stock in the hands of the shareholders could not both be taxed.   In *State v. Baltimore Cemetery Co.*, 52 Md. 641, the question was how far the company was entitled to certain exemption and not whether the stock as well as the capital was liable.   In the case at bar there is no exemption made by any law of the State, and both can be taxed at the same time.   In the case of the *State* v. *C. & P. R. R. Co.*, 40 Md. 22, the opinion of the Court declaring the legislation void as in violation of the Bill of Rights, rested upon the fact that the Court was of the opinion, that the tax was a "special tax laid exclusively upon one species of personal property, namely their coal mined for transportation."   The learned Judge it is true does remark that the payment of tax on the capital stock exempts from taxation all the property both real and personal of the company."   But this remark was uttered only *arguendo* and was not involved in any issue of the case.   In the case in 12 G. & J. 117, no opinion was delivered by the Court, the propositions therein attributed to the Court are deduced solely from the arguments of counsel as stated by the Reporter.   This seems to be the authority on which many of the early cases are made to rest.    See JUDGE BOWIE's dissenting opinion in *State* v. *B. & O. R. R. Co.*, 48 Md. 49.    In 1894 the case of the *United States Electric Power & Light Co.* v. *The State*, 79 Md. 63, arose.    It was sought there to subject the company incorporated under the laws of Maryland, to the payment of a tax on its gross receipts, after the tax upon its real property had been paid and also the taxes on its shares of stock.    It was claimed by the company that the tax sought to be collected was a double-tax, it was insisted, that the value which the capital stock possesses after the assessed value of the corporation's property has been deducted is such only as arises out of the

ownership and operation of its franchises, and therefore a tax on gross receeipts, would be an additional tax on the same thing.   But the Court declined this contention and held,

1st. That the tax on the shares of stock, is not a tax on the corporation, but upon the owners of the shares, and being property, they are taxable, and

2. That the tax on the gross receipts, is a tax on the corporation not measured by the value of its stock, but by the amount of its gross receipts.

3. That the two taxes therefore are not upon the same individual, natural or artificial, in consequence of his or its ownership of the same property, notwithstanding the franchises of the corporation in some measure gave value to the shares of stock.   But, the opinion proceeds, "if this were conceded to be a double tax it would not necessarily on that account be void.   The Declaration of Rights requires equality in taxation, and in so far as a double tax destroys that equality it is invalid but not otherwise.   *Cooley on Taxation*, 161, *et seq.* Taxes are levied upon the individual and not upon property though the value of the property owned by him is the standard by which the extent of the individual's liability is ascertained and measured.   Hence the imposition of a tax twice upon one person for the same purpose because of his ownership of a particular piece of property would be a double tax which, in consequence of its inequality, would not be sustained.   But when the same property represents distinct values belonging to different persons, be those persons natural or artificial, both persons may be lawfully taxed, and the amounts of their separate contributions would be fixed by values which the same property represented in the hands of each respectively.   And this would not be double taxation in the sense in which it is obnoxious to the organic law."

The subsequent decisions in this State all seem to be in harmony with the case just cited.   We will refer to them, without however undertaking to review them at length.

*Crown Cork & Seal Co.* v. *State*, 87 Md. 687, where the case in 79 Md. was cited at length.   *Hull* v. *Southern Devel.*

*Co.*, 89 Md. 8; *Baltimore* v. *Allegany Co.*, 99 Md. 1. In this last case the opinion of the Court in referring to the system of assessing prescribed by the State in assessing domestic corporations, states that the personal property is represented and included in the shares of stock to be ascertained by the Tax Commissioner and that it required "to avoid double taxation." That however is a requirement of the statute referable to domestic corporations and has no application to foreign corporations, having property permanently located in the State. *Anne Arundel Co.* v. *Sugar Ref. Co.*, 99 Md. 481; *Clark Distilling Co.* v. *Cumberland*, 95 Md. 468; *Allen* v. *Bank*, 92 Md. 509.

The principles laid down in 79 Md., *supra*, are sustained by the great preponderance of authority elsewhere. In the *Bank of Commerce* v. *Tennessee*, 161 U. S. 134, the Supreme Court of the United States, said: "The capital stock of a corporation and the shares into which such stock may be divided and held by individual shareholders are two distinct pieces of property. The capital stock and the shares of stock in the hands of the shareholders may be both taxed and it is not double taxation." This Court cites the cases of *Churchill* v. *Utica*, 70 U. S., 3 Wall. 573; *New York* v. *Tax Commrs.*, 71 U. S. 244, and *Farrendon* v. *Tennessee*, 95 U. S. 687; of which the last has been cited with approval in more than one case in this Court. *Cook on Corporations*, vol. 2, sec. 567; 27 *A. & E. Enc. of Law*, title, Taxation, p. 949 (also note 1, citing cases from eleven States, in support of the text.)

It seems therefore to be clear upon authority, as well as upon reason, as set forth in the case of 79 Md., *supra*, that the assessment of the personal property permanently located in the State of Maryland belonging to the appellant, is not obnoxious to any provisions of the Constitution of the State although the shares of stock belonging to and held by residents of Maryland have also been assessed and the taxes thereon paid. The property being subject to assessment under the laws of the State of Maryland it is objected that it is in violation to the Fourteenth Amendment to the Constitution of the

United States.    But it has been shown that the reason why the personal property of Maryland corporations is not taxed after their stock has been taxed, is if for no other reason because the statute provides it shall not be.    The State has full power to exempt any class of property as it may deem best according to its views of public policy.    It cannot be now questioned that a State may classify property in all proper and reasonable ways, provided the discriminations made are based upon · sound reasons of public policy and are not arbitrary or hostile.    "Such classification may properly be based upon the want of adaptability to the same methods."    *27 A. & E. Enc. of Law*, p. 27, note 2.

The appellant by its sixth prayer asked the Court to ·rule that the assessment was erroneous because it was not made until July · 18th, 1905.    This ruling could clearly not have been made, because of the fact ·that it appeared from the agreed statement that the transfer from the account of Wilkens & Co. to that of the appellant, was made at the suggestion of the latter. · On February 8th, 1905, its counsel appeared before the Appeal Tax Court with the tax bill for 1905 made out against the firm and stated it should be against the corporation.    Later one of the assessors made out a regular form, delivered it to one of the officers of ,the corporation, who filled it out and returned it to the Tax Court.    The valuation given by the appellant was adopted and the assessment was then made out.    No objection was then or ever made before those proceedings.    Under these circumstances the appellant is estopped from raising this objection.    *In re* · *McLean*, 138 N. Y. 158.

The order of the lower Court must be affirmed.

*Affirmed with costs.*

(Decided March 28th, 1906.)