71 U.S. 244 (____)
4 Wall. 244
PEOPLE
v.
THE COMMISSIONERS.
Supreme Court of United States.

*246 The various relators, plaintiffs in error, were represented by Messrs. W.M. Evarts, B.D. Silliman, J.E. Burrill, and E.S. Van Winkle.
On the other side were, Messrs. C. O'Connor, A.J. Parker, R. O'Gorman, and W. Hutchins.
*255 Mr. Justice NELSON delivered the opinion of the court.
These cases are writs of error to the Court of Appeals of the State of New York. The relator in the first is an owner of one hundred and fifty-two shares of stock in the National Bank of Commerce in New York.
The capital of the bank consists of one hundred thousand shares of one hundred dollars each, and which is invested in United States securities, and exempt from State taxation. The commissioners of taxes, in making their assessments, valued the shares at par, and imposed upon them the same rate of tax as was imposed upon other personal property in this city.
The commissioners, in their return to the certiorari, state that in estimating the value of the shares they made no deduction on account of the investment of the capital of the bank in United States securities. That in the valuation of the personal estate of individuals, these securities held and owned by them were deducted and the tax assessed on the balance; and the like deductions were made from the capital of insurance companies.
The assessment of this tax on the shares of the relator in the Bank of Commerce was carried to the Supreme Court of the State, and, after argument, was affirmed, and thence to the Court of Appeals, where the judgment of the Supreme Court was affirmed. The case is now here on error under the twenty-fifth section of the Judiciary Act.
The first objection taken to the legality of the tax is on the ground that the commissioners in the valuation of the shares refused to deduct the amount of capital of the bank invested in United States securities, and, hence, refused to regard this deduction in the valuation of the shares.
This question has heretofore been considered by this court, and, after full deliberation, determined, in the case of Van Allen v. The Assessors,[*] and need not again be examined. *256 That case was one of a large class of cases, which were very thoroughly argued, and received, at the time, the most careful examination of the court.
The next, and perhaps the only material question in the case, arises upon a construction of a clause in the first proviso of the forty-first section of the National Bank Act. After referring to the taxation of these shares by State authority, it provides: "But not at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such States."
It is argued that the assessment upon the shares of the relator is at a greater rate than that of the personal property of individual citizens, upon the ground that allowance was made on account of United States securities held and owned by them, when at the same time the deduction was disallowed to him.
The answer is, that upon a true construction of this clause of the act, the meaning and intent of the law-makers were, that the rate of taxation of the shares should be the same, or not greater, than upon the moneyed capital of the individual citizen which is subject or liable to taxation. That is, no greater proportion or percentage of tax in the valuation of the shares should be levied than upon other moneyed taxable capital in the hands of the citizens.
This rule seems to be as effectual a test to prevent unjust discrimination against the shareholders as could well be devised. It embraces a class which constitutes the body politic of the State, who make its laws and provide for its taxes. They cannot be greater than the citizens impose upon themselves. It is known as sound policy that, in every well-regulated and enlightened state or government, certain descriptions of property, and also certain institutions  such as churches, hospitals, academies, cemeteries, and the like  are exempt from taxation; but these exemptions have never been regarded as disturbing the rates of taxation, even where the fundamental law had ordained that it should be uniform.
The objection is a singular one. At the time Congress *257 enacted this rule as a limitation against discrimination, it was well known to that body that these securities in the hands of the citizen were exempt from taxation. It had been so held by this court, and, for abundant caution, had passed into a law.
The argument founded on the objection, if it proves anything, proves that these securities should have been taxed in the hands of individuals to equalize the taxation; and, hence, that Congress by this clause in the proviso intended to subject them, as thus situated, to taxation; and, therefore, there was error in the deduction. This we do not suppose is claimed. But if this is not the result of the argument, then, the other conclusion from it is, that Congress required that the commissioners should deduct the securities, and at the same time intended the deduction, if made, should operate as a violation of the rate of the tax prescribed. We dissent from both conclusions, and think a sound construction of the clause, and one consistent with its words and intent, is also consistent with all the acts of Congress on the subject.
The commissioners, in their return, state that insurance companies created under the laws of the State, and doing business in the city of New York, were respectively assessed upon the balance of their capital and surplus profits, liable to taxation, after deducting therefrom such part as is invested in United States securities.
Another objection taken is, that the taxation of the shares of the relator is illegal, on account of this deduction,  it being a departure from the rate of assessment prescribed in the clause already cited.
The answer is, that this clause does not refer to the rate of assessments upon insurance companies as a test by which to prevent discrimination against the shares; that is, confined to the rate of assessments upon moneyed capital in the hands of individual citizens. These institutions are not within the words or the contemplation of Congress; but even if they were, the answer we have already given to the *258 deduction of these securities in the assessment of the property of individual citizens is equally applicable to them. These companies are taxed on their capital, and not on the shareholder, at the same rate as other personal property in the State. There is not much danger to be apprehended of a discriminating tax in their favor, prejudicial to the rights or property of the citizen; and, of course, to the rights of the shareholders in these national banks, who stand on the same footing.
The relator in the second case, Ralph Mead, is the holder and owner of twenty-five shares of stock in the Corn Exchange Bank, in the city of New York, incorporated under the laws of the State.
The act of April 23d, 1866, imposed a tax on the shares of these banks.
It is insisted that the tax is illegal on account of the refusal of the commissioners to deduct the United States securities in which a portion of the capital stock of the bank was invested.
The general question was distinctly presented in the bank cases of the last term, of which Van Allen v. The Assessors was one of the class,[*] and disposed of. It was there said: "But, in addition to this view, the tax on the shares is not a tax on the capital of the bank. The corporation is the legal owner of all the property of the bank, real and personal; and within the powers conferred upon it by the charter, and for the purposes for which it was created, can deal with the corporate property as absolutely as a private individual can deal with his own... . The interest of the shareholder entitles him to participate in the net profits earned by the bank, in the employment of its capital, during the existence of its charter, in proportion to the number of his shares; and upon its dissolution or termination, to his proportion of the property that may remain, of the corporation, after the payment of its debts. This is a distinct, independent interest or property, held by the shareholder like any *259 other property that may belong to him;" and, we add, of course, is subject to like taxation.
It was supposed, on the argument, that this principle was in conflict with that which governed the decision of this court in the case of Gardner v. The Appeal Tax Court,[*] but this is a mistake. That case turned upon the construction of an act of Maryland exempting the bank from taxation on account of a large bonus to the State for the extension of the charter. This court held, that upon a true construction of the act, the stockholders were within the scope of the exemption. The court say: "In whatever way we examine the acts of 1813 and 1821, we are of opinion that it appears from the eleventh section in those acts, to have been the intention of the legislatures which passed them, to exempt the stockholders from taxation as persons, on account of the stock which they owned in the banks."
Some other questions were discussed on the argument, besides those we have noticed, but they are questions of which this court cannot take cognizance. We have examined all of them that are here under the twenty-fifth section of the Judiciary Act.
Judgment of the court below
AFFIRMED.
The CHIEF JUSTICE:
In concurrence with my brothers Wayne and Swayne, I dissent from the opinion just read. The reasons of dissent sufficiently appear in our dissenting opinion in the case of Van Allen v. The Assessors, read at the last term, and we do not think it necessary to repeat them.
NOTES
[*] 3 Wallace, 573.
[*] 3 Wallace, 573, 583, and 584.
[*] 3 Howard, 133.