McMahon v. Palmer.

---

In the Matter of the Petition of MARTIN T. McMAHON, as Receiver of Taxes, Respondent, to enforce the Payment of the Tax for Personal Property imposed upon FRANCIS A. PALMER, Appellant.

(Decided March 14th, 1884.)

The requirement of the Act of April 14th, 1859 (L. 1859 c. 302), that in making the assessment of taxable property in the City of New York, the deputy tax commissioners shall personally examine such property, relates to real property only, and not to personal property.

The oath required by that act to "the annual record of the assessed valuation of real and personal estate," directed to be "open for examination and correction from the second Monday in January," is not premature because made before that day, if the record is complete at the time.

The assessment of shares in a national banking association under chapter 596 of the Laws of 1880 is properly made, in the City of New York, in a list separate from the books in which other personal property is assesse l, since the statute requires such shares to be taxed in the ward where the bank is located, while the assessment of all other personal property in the city is to be entered in books in alphabetical order.

In the assessment of such shares no reduction of a proportionate part representing investment of capital by the bank in United States bonds exempt from taxation is required.

The restriction upon taxation of such shares, that "the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens," is not infringed because shares of corporations other than banks can be taxed.

---

* The judgment entered upon this decision was affirmed by the Court of Appeals March 2d, 1886.

McMahon v. Palmer.

APPEAL from an order of this court imposing a fine for misconduct in neglecting to pay a tax for personal property.

The facts are stated in the opinion. The decision of the judge at special term, referred to in the following opinion, is reported in 11 Daly 214.

*Wm. Hildreth Field*, for appellant.

*E. Henry Lacombe*, for respondent.

BEACH, J.—The objection that this proceeding is the first opportunity appellant has had to correct the assessment and taxation of his bank stock is answered satisfactorily by the learned justice in the court below. The fact of his having appeared and obtained a reduction is conclusive.

The personal examination to be made by the deputy tax commissioners relates to real property, and not to personal estate (L. 1859 c. 302). With respect to the latter, they are required to furnish such information in detail as may be called for by the commissioners. There can be no personal examination by the officials in the absence of any power to coerce its exhibition or even interrogate the owner.

The oath to the annual record here involved was made by the deputy tax commissioner on the 8th day of January, 1881. There is no reason, the record being complete, why it should have been postponed to the 10th of January. The record must be ready for public examination and correction on and after the second Monday (the 10th) of January, but may be completed in any of its parts and verified before as well as on that date. In *Westfall* v. *Preston* (49 N. Y. 349) the premature verification was of the assessment roll before the time of its correction had expired. This made the affidavit a nullity, and there was no completed assessment roll whereon to base the tax.

The shareholders' list for assessment of tax being in a

separate book, does not render the assessment void (*Foster* v. *Van Wyck*, 2 Abb. Ct. App. Dec. 167). The different method, under the statute, of preparing the rolls for the taxation of personal estate in this city, from the one applicable to the rest of the state, is explained by the learned justice who presided at special term, and shows the necessity for an additional ward roll, to assess bank shares, to comply with the law requiring this class of property to be taxed in the ward where the bank is located (L. 1880 c. 596 § 3).

The objection that there should have been a reduction in the assessment of the proportionate part representing the investment of capital by the bank in government bonds, was considered and overruled in *Van Allen* v. *The Assessors* (3 Wall. 573), and *The People* v. *The Commissioners* (4 Wall. 244).

It is difficult to cite illustrations from the different kinds of personal property, indicating the distinction between corporate shares and corporate capital. Nevertheless the difference is apparent to the mental vision. The shares are held, bought and sold at pleasure. Their value is decreased or lessened by factors not directly affecting the capital. If the corporation pays dividends the stock appreciates, if not it declines. Share value depends upon the successful or unsuccessful use of capital and business management. Were there no difference between stock and capital, the valuation of the former would depend solely upon the increase or decrease of the latter. The value of any successful business may be far in excess of the capital invested, and the holder of corporate stock shares, possesses more than the right to a proportionate part of the corporate capital, *i. e.* his *quota* of profit.

Shares of corporations other than banks not being taxed, is no infringement of the restriction limiting the taxation of this property at no greater rate than is assessed upon moneyed capital in the hands of individual citizens. It is not exemption of other corporate shares which is repugnant to the text of this provision, but unjust discrimination

against bank shares, compared with other moneyed capital subject to taxation. In *The People* v. *Commissioners* (*supra*), the court say, " The answer is, that upon a true construction of this clause of the act, the meaning and intent of the law-makers were that the rate of taxation of the shares should be the same or not greater than upon the moneyed capital of the individual citizen, *which is subject or liable to taxation.* That is, no greater proportion or percentage of tax in the valuation of the shares should be levied, than upon other moneyed taxable capital in the hands of the citizens."

The other positions taken by the appellant have either been satisfactorily answered in the court below, or have not appeared to me in sufficient doubt to need extended consideration.

The order should be affirmed, with costs and disbursements.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order affirmed, with costs.