CASE 11—PETITION EQUITY—NOVEMBER 1.

# Louisville & Evansville Mail Co. v. Barbour, Sheriff, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. TAXATION OF CORPORATIONS—Under chapter 92 of the General Statutes (old edition), the stockholders in corporations were required to list and pay taxes on their stock in every case in which the corporation itself was not expressly required to report and pay tax; and where the stockholders were required to list and pay tax on their

stock, the corporation was not liable for tax on its property. And it is immaterial whether the stockholders had or not listed their stock for taxation, as required by the statute.

In this case it is held that the stockholders in appellant, and not the corporation itself, were, under the statutes as they existed during the years (1875 to 1882) for which the tax is sought to be imposed, required to list their stock for taxation, and, therefore, the property of appellant can not be taxed.

2. CONSTRUCTION OF STATUTE—The provision of the "Auditor's Agent Act" making it the duty of the Auditor's agent, when any person has failed to give in his list or a proper list of his taxable property, to give information of the same to the county court, and making it the duty of the court to assess the property, etc., not being penal in its nature should be construed not strictly, but in such manner as to accomplish the purpose of its enactment, and effectuate the intention of the Legislature.

3. TAXATION—DEMAND—In order to justify the proceeding under that section, it is not necessary that there should have been a demand by the assessor upon the tax-payer to give in his list of property for taxation.

4. PRACTICE—OBJECTION WAIVED—Appellant can not, in this action to enjoin the collection of the tax, make the objection, even if sufficient, that the information upon which this proceeding against it was based was not in writing, for, having failed to make the objection before the county court, it must be regarded as waived.

BROWN, HUMPHREY & DAVIE, G. A. WINSTON FOR APPELLANT.

1. The penal proceedings by the Auditor's agent in the county court was not warranted, because there had been no previous demand made on the tax-payer by the assessor for a list of his property; and there had been no "information" filed by the Auditor's agent as the basis of the proceeding. ("Auditor's Agent Act," April 29, 1880, section 2.)

2. The rule is, that tax statutes are to be construed most strongly against the State and in favor of the people. (U. S. v. Wigglesworth, 2 Story, 369.)

3. The tax laws of Kentucky in force at the time of the taxes sought to be enforced herein, properly construed, did not require a steamboat corporation to list its property under the general tax provision, nor were steamboat companies embraced under the laws requiring the specific taxation of certain named kinds of corporations. But, by necessary implication from section 5, article 5, of the chapter on revenue and taxation, the individual stockholders in such a corporation are required to pay tax on their stock in it, as a part of their residuary; and the company itself is not to pay taxes on its property, which is represented by that stock. (Gen. Stat. chapter 92, Revenue and Taxation, and Act of April 22, 1884.)

4. The case of L. & N. R. R. v. Commonwealth, 1 Bush, was a case of the taxation of the railroad as " land," and does not cover this case.
5. Even if the company ought to have paid the tax, yet it is shown by the evidence that the individual stockholders did, in fact, consider their stock in this company in giving in their residuary; and the State having thus received the taxes on this property from them, will not be allowed to claim them again from the company.

HELM & BRUCE FOR APPELLEE.

1. Technical objections to the proceedings in the county court come too late.
2. The duty was on the appellant seeking the aid of the chancellor to show affirmatively facts which would invalidate the assessment. (Trustees Common School District No. 8 v. Garvey, 80 Ky., 163.)
3. The court may *sua sponte*, as well as on the information of the county attorney, direct the summons to be issued. (McAlister v. Commonwealth, 6 Bush, 581.)
4. Corporations in this State must pay tax on the corporate property, and the owners of the stock are not liable to taxation on their stock. If not specifically mentioned, they come under the designation of " persons," as that word is used in our revenue laws. (L. & N. R. R. Co. v. Commonwealth, 1 Bush, 250; Cooley on Taxation, page 377; Desty on Taxation, page 339.)

Section 5, of article 1, and section 8, of article 12, chapter 92, General Statutes, discussed.

SAME COUNSEL IN PETITION FOR REHEARING.

The rule laid down in the case of L. & N. R. R. Co v. Commonwealth, 1 Bush, 250, has not been changed by statute since then. The word " Persons " is now used in the revenue law exactly as it was then, and, just as much now as it ever did, includes corporations. (Rev. Stats., chap. 83, art. 6, sec. 14; Gen. Stats., chap. 92, art. 1, sec. 5; Act of 1864, supplement to Rev. Stats; Gen. Stats., chap. 92, art. 12, sec. 8.)

Therefore, the construction placed by the court upon the sections of the Revised Statutes cited should be regarded as incorporated into the corresponding sections of the General Statutes. (Pennock v. Dialogue, 2 Peters, 1; McDonald v. Hovey, 110 U. S., 628; Black v. Delaware & Raritan Canal Co., 22 N. J. Eq., 422; American Print Works v. Laurence, 57 Am. Dec., 420, and note; Case v. Cushman 39 Am. Dec., 47, and note; Balance v. Rankin, 64 Am. Dec., 412, and notes; Rigg v. Wilton, 54 Am. Dec., and note; Myrick v. Hosey, 46 Am. Dec., and note.)

A mere change of phraseology is not to be deemed a change of the law, unless such phraseology evidently purports an intention in the

legislature to make a change. (Sedgwick on Construction of Statutory and Const. Law, page 365.)

In cases of doubtful construction the court ought not to adopt that construction which will allow property to escape taxation. (People v. Canal Commrs., 3 Scammon, Ill. 153.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

October 2, 1882, in a proceeding styled "The Commonwealth on relation of M. S. Barker, Auditor's Agent, against the Louisville & Evansville Mail Company," a summons was issued by the Judge of Jefferson County Court requiring the defendant to appear before the court, and give in a correct list of its taxable property for the years 1875 to 1882 inclusive, in so far as it had failed to do so, or show cause to the contrary. September 10, 1883, in that proceeding, after reciting that the defendant had been duly summoned to appear before the court and list its property for taxation for the years named, and that it appeared from the evidence it had failed to so list, and such taxes had not been paid, the county court entered an order assessing and fixing the aggregate taxes at the sum of one thousand three hundred and ninety-two dollars. And the same having been placed in the hands of J. D. Barbour, the sheriff, for collection, this action was instituted by the Louisville & Evansville Mail Company against him and Barker, the Auditor's agent, and an injunction was obtained restraining the sale of a steamboat levied on to pay the taxes, and all other proceedings under the order mentioned. Not only was the legality of the proceedings in the county court denied, but it was stated by the plaintiff in the action that it was a corpora-

tion, and its various stockholders, for each of the years mentioned, counted and included the amount and value of the stock owned by them respectively in the corporation, in giving in their annual lists of taxable property, and thus and thereby paid the taxes on the value of their said stock as required by law. Upon final hearing the chancellor rendered judgment dissolving the injunction, except as to thirty-five dollars, which it was decided had been included in the list and paid by one of the stockholders, and, therefore, should be a credit on the amount of the assessment by the county court.

Before considering the liability of the property of the corporation to be assessed as such for taxation, we will determine the preliminary question whether the proceeding in the county court was such as to authorize the enforced collection attempted by the sheriff. The statute under which the proceeding was had is "An act authorizing the Auditor to appoint agents to attend to revenue matters," approved April 29, 1880, section 2 of which is as follows: "That, in addition to other duties imposed by law, it shall be his duty, when any person of this Commonwealth has *failed* to give in his list, or a proper list of his taxable property, to *give information of the same to the county court of the county where such list should have been given;* and said court shall issue a summons against such person to appear before said court in ten days after service, and list his property for the year and years he has failed to do so; and if, upon hearing, the court is satisfied of such failure to list and pay taxes, it shall assess and fix the value

of the same, with interest at ten per cent. per annum, and certify same to the Auditor, and place it in the hands of the sheriff or collector, who shall collect or account for the same as for other taxes. The court shall also adjudge the costs of the proceeding against the party in default: *Provided*, The party may, when notified, list his property and pay taxes due, with interest as aforesaid, to the agent of the Auditor and save costs." The statute, not being penal in its nature, should be construed, not strictly, but in such manner as to accomplish the purpose of its enactment and effectuate the intention of the Legislature.

We do not think it necessary, as argued, that in order to justify the proceeding under the section quoted, there should have been a demand by the assessor upon the tax-payer to give in his list of property for taxation. For the statute, properly construed, comprehends every case of a previous failure by either a corporation or natural person to do so, whether the result of his own or the negligence of the assessor. In fact, the necessity for this peculiar statute arises from, and it was intended to operate especially in case of, neglect of the regular assessor to do his duty. Nor can appellant now make the objection, even if sufficient, that the information upon which the proceeding against it was based was not in writing, for having failed to make it before the county court, it must be regarded as waived.

The main question is whether the specific property of the corporation, consisting of steamboats, or the stock held by its members, was, during the years mentioned, required to be listed and made subject

to taxation ; and that question must be determined by the law then existing, which is comprised in chapter 92, General Statutes, edition of 1881. The property of the corporation is not included in the list contained in section 4, article 1, nor in article 2, the title of which is "Specific Taxation on Real and Personal Estate." Nor in article 3, the title being "Revenue Specifically Devoted to the Sinking Fund." Nor in article 12, which enumerates the various corporations, the property of which, instead of the stock held by the stockholders, is required to be listed for taxation. If the property of appellant is subject to be listed with the assessor, and taxed as such at all, under the statute, it is so in virtue of section 5, article 5, which is as follows : "The assessor, after having taken the lists of all property required to be listed as above, shall require each person, on oath, to fix the amount he or she is worth from all other sources, on the day to which said list relates, after taking out his or her indebtedness from said amount ; and the said assessor shall take from said amount, so assessed and listed, the sum of one hundred dollars, and set down and list the balance for taxation. This section includes all property not exempt from taxation, other than that mentioned in section 4, whether manufactured, produced, purchased or otherwise procured, such as spirituous liquors and all mixtures thereof, the produce of mines, farms, forests and other productions of the earth, manufactured articles of all kinds, and all property of every sort and description, notes, accounts, bonds, bills of exchange, and choses in action, debts and demands of every kind ; but does not include lands or other property not within the

State, subject by law to tax and actually taxed by the State or county where situated, nor bank or other stocks where the bank or other institution or corporation in which it is held is required to pay tax on the same."

It must be assumed that it was not intended by the section quoted, both the property of a corporation and the stock of each member of it should be taxed at the same time and for the same purpose.' For, though it is not always practicable to make taxation entirely equal and uniform, the Legislature has no power to directly impose double taxation. It seems to us, therefore, that if the stockholders are thereby required to list and pay tax on their stock, the corporation is not, nor was intended to be, made liable for tax on its property; otherwise, each stockholder, and also the chief officer of the company, would be subject to the penalty imposed by section 20, article 5, for failing to list with the assessor when legally called on; and likewise liable to be summoned under the statute authorizing the present proceeding. We are satisfied such confusion and injustice as would result from making both the company and stockholders liable was not contemplated by the Legislature, and the section should not be so construed as to tolerate it. The purpose of that section was to reach such property as had been previously included under what is understood and called the equalization law—that is, property not visible and tangible. And although the sweeping language used might be made by implication to include, and should be construed to include, the property of such corporations as the appellant, if it could not be directly or indirectly reached otherwise; still the stocks

are so plainly and expressly made liable, that it is impossible to avoid the conclusion they were intended to be listed, and, consequently, that the tangible property of the corporation was not. For not only are terms used which accurately and fully describe stock in corporations, but the exception from the operation of the section of "bank or other stocks, when the bank or other institution or corporation in which it is held is required to pay tax on the same," makes it conclusive that all other stocks were intended to be listed with the assessor ; and the same intention to require stockholders in corporations to list and pay taxes on their stock, in every case not otherwise expressly provided, is shown by section 8, article 12, which says that individual stockholders of those companies which are required by that article to report and pay tax, shall not be required to list their shares in such companies for taxation, the necessary implication being that all others are.

That such was the legislative construction is shown by an amendatory act, approved April 22, 1884, in which it is provided that thereafter all corporations shall, in the manner provided by article 12, chapter 9, General Statutes, list their property with the assessor of the county in which such property is situated.

It is not material in deciding the question before us whether the stockholders have or not listed their stock for taxation, for if they have not, it is because the statute has not, as it might have, been enforced. Nor is it the province of the court to determine which mode of taxation is the most convenient and productive of revenue ; for the intention of the Legislature, when

ascertained, must govern in respect to both the property to be taxed, and the mode of ascertaining and assessing it for taxation.

We do not think the case of Louisville & Nashville Railroad Company v. Commonwealth, 1 Bush, 250, cited, is analogous to this. There the question decided was whether a corporation, like natural persons, was subject to taxation under section 1, article 5, chapter 83, Revised Statutes, which simply prescribed the form of the tax-book, and it was held the road of the company, being in its nature real estate, was required to be listed for taxation as land. But in section 5, article 6, which was intended to include property taxable under equalization, no mention was made of any other besides bank stock. Nor was there in that section, or elsewhere in the Revised Statutes, language showing, as is done in the sections of the General Statutes referred to, an intention to tax and require listed the stock in all corporations not expressly required to list for taxation the tangible property.

As, in our opinion, the stockholders and not this corporation were, under the statutes as they existed during the years named, required to list their stock for taxation, the assessment made by the county court and the levy by the sheriff were illegal, and therefore the judgment of the chancellor must be reversed and cause remanded, with directions to perpetuate the injunction.