WIGGINTON, Chief Judge.
This appeal is from a summary final decree by which appellant, a Florida citizen, was held to be liable for intangible property taxes assessed against him on the value of stock which he owns in Sa-Rey-Mar, Inc., a Florida corporation.
The proceeding instituted in the trial court was one for equitable relief against imposition of the intangible tax levied against appellant by the taxing authorities under F.S. Chapter 199, F.S.A. The facts in the case which fully appear from the allegations of the complaint and exhibits thereto attached are as follows.
Appellant is the sole owner of all the outstanding shares of stock in Sa-Rey-Mar, Inc., a Florida corporation, whose assets consist principally of intangible property. In 1959 the corporation filed an intangible tax return which listed the intangibles owned by it at a stated value. The property so listed in the return was assessed at the prescribed two mill rate and the tax thereon was paid by the corporation.
For the same taxable year appellant filed his personal intangible tax return, but did not include therein for tax purposes the corporate stock which he owned in Sa-Rey-Mar, Inc. Over appellant’s protest the taxing officials included in their assessment of appellant’s intangible property for the year in question his shares of stock in the corporation at the same value stated by the corporation in the intangible tax return filed by it. Appellant’s intangible property was thereupon assessed at the legal two mill rate and the taxing officials proceeded to attempt collection of this assessment. The latter’s appeal to the County Equalization Board was denied, whereupon this suit was instituted.
The principal ground for relief is predicated upon the premise that the intangible tax assessment against appellant’s ownership of all outstanding shares of stock in the corporation duplicated the tax assessment in the same amount levied against the corporation based upon the value of the intangible property owned by it, and as such amounted to a four mill levy on intangible property within the prohibition of the Constitution and laws of Florida. It is prayed that the tax so assessed be declared void and the officials be enjoined from attempting to enforce its collection.
The Constitution requires that the Legislature provide for a uniform and equal rate of taxation, and authorizes it to provide for special rate or rates on intangible property, which rate or rates shall not exceed two mills on the dollar of the assessed valuation of such intangible property.[1]
Pursuant to the abovementioned constitutional authority the Legislature adopted an act defining Class B intangible property as being all stocks or shares of incorporated or unincorporated companies [2], and fixing the rate of assessment on Class B intangible property at two mills on the dollar of the taxable value of such property.[3]
Appellant does not dispute that the capital stock owned by him in Sa-Rey-Mar, Inc., falls within the classification of Class B intangible property as defined by the statute. He contends, however, that since he is the sole owner of the corporation, and the corporation has already paid the intangible tax assessed against it on its capital assets, that he should be relieved of the burden of again paying an intangible tax *493 on the value of the same property for which the corporation has already once paid the identical tax. Such reasoning falsely assumes that there exists an identity between the property owned by appellant as represented by his shares of stock in Sa-Rey-Mar, and the property owned by the corporation on which it has already paid the intangible tax. Appellant asks the court to indulge in this assumption on the theory that for tax purposes the separate identity of the corporation should be disregarded, and he as an individual should be adjudged the owner of the intangible property held by the corporation on which the tax has already been paid.
Appellant fortifies his position by citing a number of decisions in which courts of equity have under particular circumstances disregarded the corporate entity, pierced the corporate veil, or regarded the corporation as the alter ego of its stockholders.[4] Such principles, when properly .applied, are sound and entitled to respect. The cited authorities indicate, however, that such course has been followed as a -matter of necessity only for the purpose •of promoting justice or preventing injustice or fraud. We do not conceive that such principles may logically be applied in resolving the issue raised by this appeal.
Appellant has also referred us to decisions of courts outside Florida which seem to support his position that if taxes are paid by a corporation on property owned by it, the stockholders are not required to pay •a similar tax by virtue of their stock ownership in the corporation.[5] On the other hand appellees rely upon decisions of an equal number of courts in foreign jurisdictions which take a contrary position.[6] It is our judgment that a sounder concept of the principles which should be followed in making an equitable distribution of the tax burden among the property owners of this state requires that for purposes of taxation, the identity of the corporate entity must be kept separate and distinct from the identity of its stockholders, unless otherwise provided by statute.
There is another reason why appellant, as sole stockholder in Sa-Rey-Mar, cannot be considered as the sole owner of the intangible property held by the corporation. The value of appellant’s corporate stock in Sa-Rey-Mar bears no necessary relationship to the value of the intangible property owned by the corporation itself. The value of corporate intangibles may be substantial, but because of the manner in which the corporation conducts its affairs its liabilities might possibly exceed its assets to such an extent as to render it insolvent. Under these circumstances the corporate intangible would be subject to the debts owed creditors, and the value of stockholders’ interest in the corporation would be valueless. Appellant’s theory of identity must necessarily be rejected.[7]
Appellant has seen fit to organize a domestic corporation and own all its outstanding capital stock. He has elected to do business through this corporate entity. The benefits of conducting one’s business in such manner are obvious and too numerous to mention in this opinion. Having so elected, appellant is in no position to claim all benefits accruing to him by virtue of *494 doing business as a corporation, and at the same time seek to disregard the existence of the corporate entity in order to avoid payment of a tax otherwise chargeable to him. If payment of the intangible tax on the value of his stock in the corporation is considered to be an onerous burden, appellant has two obvious alternatives. He may convert the corporate intangible property to tangible personal or real property, thereby relieving the corporation from payment of the intangible taxes, or he may dissolve the corporation and distribute to himself in kind the intangible property held by it. To adopt the first alternative would no doubt result in a higher ad valorem tax rate on the corporate assets than it is presently required to pay as an intangible tax. In adopting the latter course appellant would lose the many benefits he now enjoys by conducting his business through a fictitious legal entity. The choice of alternatives is the appellant’s, but he cannot eat his cake and have it too.
The statute under which the intangible tax is levied specifically exempts from its operation and effect the beneficial interest of residents of Florida in trust estates if the trustee returns the corpus of the trust for taxation and pays the intangible tax assessed thereon. In an attempt to bring himself within the foregoing exemption contained in the statute, appellant cites certain abstract principles of law to the effect that stockholders are the beneficial owners of property held by their corporation.[8] These authorities rationalize that in certain respects the corporation holds title to its property in trust for the benefit of the stockholders. While such principles of law are sound when applied to facts which justify the rule, we cannot agree that those principles should be so applied in this case as to regard the corporation as a trustee within the exemption provision of the statute.
Had the Legislature intended to exempt from its operation stock owned by Florida residents in a domestic corporation, provided the corporation returns and pays the tax levied against intangible property owned and held by it, the Act would have so provided. Having exempted beneficial interest of Florida residents in trust estates, but having failed to exempt the ownership of stock in domestic corporations under similar circumstances, it must be held that no such exemption was intended.
We can only conclude that the chancellor was eminently correct in entering his final decree against appellant and in favor of the tax officials. The decree appealed is accordingly affirmed.
Affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.

.Florida Constitution, Art. IX, See. 1, F.S.A.

. F.S. Sec. 199.02(2), F.S.A.

. F.S. Sec. 199.11(2), F.S.A.

. 7 Fla.Jur. 385, Sec. 37; Ben-Jay Food Distributors, Inc. et al. v. Warshaw, Fla.1954, 70 So.2d 564; Muller v. Gables Racing Ass’n, 142 Fla. 834, 196 So. 864; Metropolitan Holding Co. v. Snyder, 8 Cir., 79 F.2d 263, 103 A.L.R. 912.

. Inhabitants of East Livermore v. Livermore Falls Trust & Banking Co., 103 Me. 418, 69 A. 306, 15 L.R.A.,N.S., 952; McCornick & Co. v. Bassett, 49 Utah 444, 164 P. 852; State ex rel. Orr v. Buder, 308 Mo. 237, 271 S.W. 508, 39 A.L.R. 1199.

. Commissioner v. Moline Properties, Inc., 5 Cir., 131 F.2d 388; Klein v. Board of Tax Supervisors, 282 U.S. 19, 51 S.Ct. 15, 75 L.Ed. 140; People v. Commissioners of Taxes, 4 Wall. 244, 71 U.S. 244, 18 L.Ed. 344.

. Huttig v. Huffman, 151 Fla, 166, 9 So. 2d 506; Brown v. Florida Southern Ry. Co., 19 Fla. 472.

. 1 Bogart on Trusts and Trustees, 80 • Sec. 16; 13 Am.Jur. Corporations, 301, Sec. 175; Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997.