**AMERICAN TELEPHONE & TELEGRAPH CO. and AT & T Credit Corp.**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1994.

Decided Jan. 12, 1995.

Edwin A. Heisler (orally), Richardson & Troubh, Portland, for plaintiff.

Crombie J.D. Garrett, Jr. (orally), Agnes Gormley, Asst. Attys. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

The State Tax Assessor appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*), *inter alia*, vacating the assessment and penalties ordered by the Assessor on the cost of acquisition of telecommunications equipment by AT & T and AT & T Credit Corporation (referred to collectively as "the Taxpayers"). We agree with the Assessor that the cost of telecommunications equipment acquired by the Taxpayers that is subsequently leased to the Taxpayers' customers is subject to a use tax, and accordingly, we vacate the judgment.

The Taxpayers acquire telecommunications equipment and then lease the equipment to their customers. The parties do not dispute that the lease of the equipment is subject to a sales tax.

At issue is whether the Assessor properly assessed a use tax on the Taxpayers for the acquisition cost of the telecommunications equipment added to their lease base. The Taxpayers filed separate complaints in the Superior Court challenging, *inter alia*, the assessments of the use tax pursuant to 36 M.R.S.A. § 151 (1990 & Supp.1994). Because the two complaints contain common legal issues, the court granted the parties' motion for consolidation pursuant to M.R.Civ.P. 42.[1] The case was submitted to the trial court on stipulated facts.

After a hearing, the court found, *inter alia*, that the acquisition of telecommunications equipment for the purpose of leasing was not subject to a use tax because the equipment was acquired for the purpose of "resale" pursuant to 36 M.R.S.A. § 1752(11).[2] Further, the court found that the leasing of telecommunications equipment by the Taxpayers to its customers is a "sale" as defined in 36 M.R.S.A. § 1752(13)[3] and that the

---

1. Rule 42(a) provides,
 **Consolidation.** When actions involving a common question of law or fact are pending before the court, in the same county or division or a different county or division, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

2. A "retail sale" is defined as follows:
 "Retail sale" means any sale of tangible personal property in the ordinary course of business for any purpose other than for resale, except resale as a casual sale, in the form of tangible personal property. "Retail sale" also means any sale of a taxable service in the ordinary course of business for any purpose other than for resale, except resale as a casual sale.
 36 M.R.S.A. § 1752(11) (1990).

3. 36 M.R.S.A. § 1752(13) (1990) provides:
 "Sale" means any transfer, exchange, or barter, in any manner or by any means whatsoever, for a consideration and includes leases and

transfers met the "in lieu of purchase" provision of that statute. Accordingly, the trial court determined as a matter of law that such acquisition transactions are not subject to taxation and vacated the Assessor's imposition of a use tax and the interest and penalties imposed in connection therewith.

■ The Assessor contends that because the undisputed facts of this case are clearly governed by the statutory provisions providing for the imposition of a use tax on the transactions at issue, the trial court erred as a matter of law in vacating the assessment. We agree. "The burden of proving that a transaction was not taxable shall be upon the person charged with tax liability." 36 M.R.S.A. § 1763 (1990). A use tax is imposed on the use [4] of tangible personal property or a service if the sale of it would be subject to a sales tax. 36 M.R.S.A. § 1861 (Supp.1994).[5] A sales tax "is imposed on the value of all tangible personal property and taxable services sold at retail in this State." 36 M.R.S.A. § 1811 (Supp.1994). *See also* 36 M.R.S.A. § 1752(17) (defining tangible personal property); 36 M.R.S.A. § 1752(17–A) (defining taxable services).

■ Contrary to the contention of the Taxpayers and the determination of the trial court, when the Taxpayers leased their telecommunication equipment, they were not reselling the equipment "in the form of tangible personal property" within the purview of 36 M.R.S.A. § 1752(11); instead they were engaging in the sale of a taxable service. When the Legislature wanted to exclude from taxation the cost of acquisition of tangible personal property that subsequently would be rented rather than sold in the form of tangible personal property, it did so specifically. *See* 36 M.R.S.A. § 1752(11)(B)(3), (4)

(acquisition of automobiles and video equipment for the purpose of rental excluded from definition of "retail sale"). The Taxpayers make no claim, nor can they, that the transactions at issue fell within these exceptions.

■ Nor is the lease of telecommunications equipment a sale "in lieu of purchase" as provided by section 1752(13). Pursuant to the authority of section 1752(13), the Assessor has defined a sale in lieu of purchase as follows:

> If tangible personal property is, for all intents and purposes, sold but the transaction is designated as a lease or rental for the purpose of retaining title in the seller and as security for payment of the purchase price, or for the purpose of avoiding sales tax, the rental will be deemed to be in lieu of purchase, and total rental payments charged will be considered to constitute the sale price upon which tax is due. A lease shall be deemed "in lieu of purchase" when once the lessee enters into the so-called lease agreement, he must acquire title to the tangible personal property under the terms of the agreement.

Bureau of Taxation Rule 316.02; *see also Hannaford Bros. Co. v. State Tax Assessor,* 487 A.2d 251, 255 (Me.1985) ("lease" considered to be a sale when lessee had unavoidable obligation to purchase property at the end of the lease term). Because there is no evidence in the present case that the lease transaction is designated a lease for the purpose of avoiding sales tax or that the lessee must acquire title to the telecommunications equipment, we conclude that it is not a lease in lieu of purchase and, therefore, not a sale pursuant to section 1752(13).

■ We also reject the argument of the Taxpayers that the Assessor's position is con-

---

contracts payable by rental or license fees for the right of possession and use, but only when such leases and contracts are deemed by the State Tax Assessor to be in lieu of purchase.

4. The statutory definition of use is set forth in section 1752(21), which provides:

"Use" includes the exercise in this State of any right or power over tangible personal property incident to its ownership when purchased by the user at retail sale, including the derivation of income, whether received in money or in the form of other benefits, by a lessor from the

rental of tangible personal property located in this State.
36 M.R.S.A. § 1752(21) (1990).

5. 36 M.R.S.A. § 1861 (Supp.1994) provides, in pertinent part, "A tax is imposed, at the respective rate provided in section 1811, on the storage, use or other consumption in this State of tangible personal property or a service the sale of which would be subject to tax under section 1764 or 1811."

trary to the presumption against double taxation. *See Inhabitants of East Livermore v. Livermore Falls Trust & Banking Co.*, 103 Me. 418, 424, 69 A. 306 (1907) ("no double tax burden shall be imposed on any person or property unless the statutes so clearly require it that no other construction is possible"). Here, the two impositions of taxation are levied on different parties and on different transactions. The use tax on the cost of the acquisition of the equipment is levied on the Taxpayers, whereas the sales tax on the lease of the equipment is levied on the respective lessees of the equipment.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.